D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DR. GERALD FINKEL, *as chairman of the Joint Industry Board of the Electrical Industry*,

                                Plaintiff,

-against-

SMC ELECTRICAL CONTRACTING, INC., *and* WALTER GERASIMOWICZ,

                                Defendants.
----------------------------------------------------------------X

ORDER

11-CV-1697 (NGG) (RML)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ SEP 11 2012 ★
BROOKLYN OFFICE

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Dr. Gerald Finkel, as chairman of the Joint Industry Board of the Electrical Industry, brings this action under Section 502 of ERISA, 29 U.S.C. § 1132, Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and state contract law, in federal court through the supplemental jurisdiction statute, 28 U.S.C. § 1367. (Compl. (Docket Entry # 1).) Plaintiff seeks to collect delinquent contributions to employee benefit funds allegedly owed by Defendant SMC Electrical Contracting, Inc., and Defendant Walter Gerasimowicz, pursuant to a stipulation in which both Defendants acknowledged joint and several liability for required contributions. (Id. ¶ 22.) Because Defendants failed to file answers or otherwise respond to the Complaint, the Clerk of Court entered a notice of default against Defendants, pursuant to Federal Rule of Civil Procedure 55(a). (Docket Entry # 8.) Plaintiff moved for default judgment. (Docket Entry # 10.) The court referred this motion to Magistrate Judge Robert M. Levy for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Nov. 18, 2011 Order.) Defendants have not responded to Plaintiffs' Motion for Default Judgment, and their time to do so has passed.

1

Subsequent to Plaintiff's motion for default judgment, Plaintiff informed the court that SMC Electrical Contracting, Inc., is in bankruptcy proceedings. (June 29, 2012 Status Report (Docket Entry # 30).) Plaintiff represented that the automatic stay of actions contained in the Bankruptcy Code, 11 U.S.C. § 362, stayed his claims against SMC Electrical Contracting, Inc. (Id.) The court agrees, and will not consider Plaintiff's motion as to that Defendant.

Turning to Gerasimowicz, the court notes that "[i]t is well established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." Teachers Ins. & Annuity Ass'n of Am. v. Butler, 803 F.2d 61, 64 (2d Cir. 1986). Even where a co-defendant may be jointly liable with the debtor, "[c]hapter 11 . . . contains no provision to protect non-debtors who are jointly liable with the debtor." Id. In certain circumstances, "when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate," courts have extended the stay to include non-debtor co-defendants. Queenie, Ltd., v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003). No party has argued that those circumstances exist in this case, and the court will not sua sponte extend the stay to the non-debtor co-defendant.

The court notes further that Gerasimowicz received multiple extensions of time in which to file an anticipated motion to vacate default, but he ultimately withdrew his request for a conference to schedule such a motion. (See June 26, 2012 Def. Ltr. (Docket Entry # 29).) Judge Levy gave Gerasimowicz's counsel leave to withdraw from this case (July 9, 2012 Order), but no new counsel have filed notices of appearance or attempted to answer or filed a motion to vacate default. The court is satisfied that Defendant has had ample opportunity to respond to the claims against him, and has not done so.

Turning to the substance of Plaintiff's motion, the court has considered Plaintiff's allegations and finds them sufficient to establish Gerasimowicz's liability as specified in the Complaint. The court will therefore grant the motion for default judgment as to Gerasimowicz.

The previous referral to Judge Levy is WITHDRAWN. Plaintiff's case is STAYED as to Defendant SMC Electrical Contracting, Inc., and Plaintiff's motion for default judgment against that Defendant is DENIED without prejudice to renew should the stay be lifted. Plaintiff's Motion for Default Judgment is GRANTED as to Defendant Gerasimowicz pursuant to Federal Rule of Civil Procedure 55(b)(2). Pursuant to 28 U.S.C. § 636(b)(1)(B), the court REFERS Plaintiff's claims for damages, interest, attorney's fees, and costs to Magistrate Judge Levy for a Report and Recommendation.

SO ORDERED.

Dated: Brooklyn, New York
September 11, 2012

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge