UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DR. GERALD FINKEL, as Chairman of the
Joint Industry Board of the Electrical Industry,

                              Plaintiff,                        REPORT AND
                                                                          RECOMMENDATION

   -against-
                                                                              11 CV 1697 (NGG)(RML)

SMC ELECTRICAL CONTRACTING, INC. and
WALTER GERASIMOWICZ,

                              Defendants.
----------------------------------------------------------------X

LEVY, United States Magistrate Judge:

       By order dated November 18, 2011, the Honorable Nicholas G. Garaufis, United States District Judge, referred plaintiff's motion for a default judgment to me to conduct an inquest and issue a Report and Recommendation on damages. For the reasons stated below, I respectfully recommend that plaintiff be awarded a total of $671,871.11 in damages from defendant Gerasimowicz, plus per diem interest of $43.18 from September 17, 2011 through the date of entry of judgment.

## BACKGROUND AND FACTS

       Plaintiff Dr. Gerald Finkel ("plaintiff"), Chairman of the Joint Industry Board of the Electrical Industry (the "Joint Board"), brought this action in April 2011 under §§ 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1104, 1109, 1132 and 1145, and § 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). The Joint Board is the administrator and fiduciary of various employee benefit plans established pursuant to collective bargaining agreements (collectively, the "CBAs") between members of Local Union No. 3 of the International Brotherhood of Electrical


Employees, AFL-CIO (the "Union"), and employers in the electrical and related industries. (Complaint, dated Apr. 6, 2011 ("Compl."), ¶ 4.) The plans administered by the Joint Board include, but are not limited to, the Pension, Hospitalization and Benefit Plan of the Electrical Industry, the Dental Benefit Fund of the Electrical Industry, the Annuity Plan of the Electrical Industry, and the Educational and Cultural Trust Fund of the Electrical Industry (collectively, the "ERISA Plans"). (Id. ¶ 5.) Each of the ERISA Plans is an employee benefit plan within the meaning of ERISA section 3(3), 29 U.S.C. § 1002(3), and a multi-employer plan within the meaning of section 3(37) of ERISA, 29 U.S.C. § 1002(37). (Id. ¶ 5.) Pursuant to the CBAs, the Joint Board also collects union dues assessments for certain employees and employee loan repayments due to the Union. (Id. ¶ 7.) Finally, in accordance with the CBAs, the Joint Board collects contributions for the Electrical Employers Self Insurance Safety Plan, the Benefit and Wage Delinquency Fund, and contributions to fund the operations of the Joint Board (collectively, the "Non-ERISA Plans"). (Id.) The Joint Board maintains its principal office in Flushing, New York, and the various employee benefit plans are administered and maintained there. (Id. ¶¶ 3-4.)

        Defendant SMC Electrical Contracting, Inc. ("SMC") is a New York corporation with its principal facility in Plainview, New York.[1] (Id. ¶ 10.) Dr. Walter Gerasimowicz is the

---

[1] SMC filed for Chapter Eleven bankruptcy protection on September 30, 2011. (Letter of David R. Hock, Esq., dated May 11, 2012.) Therefore, with respect to plaintiff's claims against SMC, this action is stayed pursuant to § 362 of the Bankruptcy Code, 11 U.S.C. § 362. (See Letter of David R. Hock, Esq., dated May 10, 2013 (stating that the bankruptcy stay remains in effect).) Plaintiff has engaged in extensive settlement discussions with SMC's principal, Dr. Gerasimowicz, but those negotiations broke down in March 2013, and Dr. Gerasimowicz has not responded to the default motion, despite this court's order directing him to do so by April 19, 2013. (See Order, dated Mar. 14, 2013.)

principal of SMC and is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a). (Id. ¶ 11.) SMC is bound by the CBAs between the New York Electrical Contractors Association, Inc. and the Association of Electrical Contractors, Inc. (the "AEC") (collectively, the "Associations") and the Union. (Id. ¶¶ 12-14.)

Plaintiff has demonstrated that both defendants were properly served with the summons and complaint. (See Affidavits of Service of Carlos Pichardo, sworn to May 18, 2011.) In addition, a Clerk's Certificate confirms that neither defendant has filed an answer or otherwise moved with respect to the complaint. (Clerk's Notation of Default, dated June 10, 2011.) I therefore respectfully recommend that plaintiff's motion for a default judgment be granted.

It is well settled that, upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Gurung v. Malhotra, 851 F. Supp. 2d 583, 587 (S.D.N.Y. 2012) (citing Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993)). "'While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.'" LaBarbera v. Golden Vale Constr. Grp., No. 06 CV 813, 2007 WL 2071565, at *3 (E.D.N.Y. July 17, 2007) (quoting Levesque v. Kelly Commc'ns, Inc., No. 91 CV 7045, 1993 WL 22113, at *4 (S.D.N.Y. Jan. 25, 1993). Plaintiff's allegations are as follows:

On or about March 3, 2010, SMC and Dr. Gerasimowicz entered into a Stipulation and Order of Settlement (the "Stipulation," annexed as Ex. P to the Declaration of Christina A. Sessa, Esq., dated Sept. 20, 2011 ("Sessa Decl.")), under which they acknowledged

that they jointly and severally owed contributions to the Joint Board in the amount of $494,405.58, which represented: (1) the balance of a stipulation entered into in April 2009 in the amount of $167,387.75, which resolved previous litigation; (2) contributions for weeks ending December 9, 2009 through February 3, 2010 in the amount of $228,971.81; (3) 40l(k) Plan contributions for the weeks ending December 30, 2009 through February 3, 2010 in the amount of $82,320.05; (4) interest due to the Joint Board Plans in the amount of $11,228.42; and (5) interest due to the 40l(k) Plan in the amount of $4,297.55.[2] (Compl. ¶ 22; Sessa Decl., Ex. P ¶ 1.) Pursuant to the Stipulation, defendants were to make payments of $20,593 per month, commencing on March 15, 2010 and continuing until the balance was paid in full. (Id. ¶ 25; Sessa Decl., Ex. P ¶ 2.) In addition, defendants agreed to make all required ongoing weekly contribution payments to the Joint Board as they became due, and that a failure to make such payments would constitute a default under the Stipulation. (Compl. ¶ 26; Sessa Decl., Ex. P ¶ 6.)

      Dr. Gerasimowicz signed the Stipulation twice: first in his capacity as the principal of SMC, and second in his individual capacity. (Compl. ¶ 27; Sessa Decl., Ex. P at 6.) Moreover, in consideration and as an inducement to the Joint Board to enter into the Stipulation, Dr. Gerasimowicz executed an Affidavit for Judgment by Confession to be entered against him and SMC, in the amount of $494,405.58, in the event of a breach of the Stipulation. (Compl. ¶ 30; Sessa Decl., Ex. Q ¶ 2.)

      Defendants remitted all Stipulation payments, as they became due, through

---

[2] The Stipulation actually acknowledged a debt in the total amount of $494,225.58, including interest due to the 401(k) Plan in the amount of $4,497.55. (See Sessa Decl., Ex. P ¶ 1; see also id., Ex. R.) At the time the Stipulation was signed, some of the contribution amounts were estimated. The correct totals are listed above. (See Linsey Decl. ¶ 14 n. 2; Sessa Decl. ¶ 19.)

February 15, 2011. (Compl. ¶ 31.) However, they failed to remit payment of $20,593 on March 15, 2011, and to remit all required ongoing weekly contribution payments. (Id. ¶¶ 32, 33.) By letter dated March 8, 2011, the Joint Board advised defendants of their default under the Stipulation regarding their weekly contributions. (Id. ¶ 34; Sessa Decl., Ex. S.) Defendants failed to cure the default within five calendar days, as required by the Stipulation. (Compl. ¶ 35; Sessa Decl. ¶ 30.) Since then, defendants have remained in default.

After defendants failed to appear in this action, Judge Garaufis referred plaintiff's default motion to me. (See Order, dated Nov. 18, 2011.) According to plaintiff, defendants are liable for:

(a) $165,546.77 owed under the Stipulation; and

(b) $218,117.39 in unpaid and underpaid required contributions; and

(c) $40,071.93 in interest (of which Dr. Gerasimowicz is liable for $35,960.65); and

(d) $247,718.86 in liquidated damages; and

(e) $4,527.44 in attorney's fees and costs; and

(f) $43.18 in per diem interest.

(See Declaration of James L. Linsey, Esq., dated Sept. 23, 2011 ("Linsey Decl."), ¶¶ 56-57.)

## DISCUSSION

A. <u>Amounts Due Under the Stipulation</u>

As explained, defendants entered into the Stipulation on March 3, 2010 to resolve previous litigation brought to collect unpaid contributions. The Stipulation obligated defendants to make monthly payments to the Joint Board and to pay required contributions when they

became due under the terms of the CBAs.  (See Sessa Decl., Ex. P ¶¶ 2, 6.)  When defendants failed to remit the payments due under the Stipulation and to pay the required contributions due under the CBAs, the Joint Board advised defendants of their default, in accordance with the Stipulation terms.  (See id. ¶ 30, Ex. S.)

Dr. Gerasimowicz signed the Stipulation both in his capacity as a principal of SMC and in his individual capacity.  (See id., Ex. P at 6.)  In addition, he signed an Affidavit for Judgment by Confession, in which he confessed judgment against himself, individually, in the event of failure to comply with the stipulated terms.  (See id., Ex. Q.)  Dr. Gerasimowicz is therefore personally liable for amounts owed under the Stipulation.  See Jacobson v. Peterbilt Elec. Contracting, Inc., 553 F. Supp. 2d 211, 215-16 (E.D.N.Y. 2008) (finding principal signatory liable under terms of a comparable stipulation).

Plaintiff has submitted documentation showing that defendants made payments totaling $329,488 and continue to owe $165,546.77 under the Stipulation.  (See Sessa Decl., Exs. R, Z; Linsey Decl. ¶ 14 n.2.)  I find this documentation sufficient and therefore recommend that plaintiff be awarded $165,546.77 under the Stipulation.

### B. Unpaid Contributions

"An employer's failure to contribute an agreed upon amount to a benefit plan pursuant to a collective bargaining agreement is an ERISA violation creating a right of action for the benefits due."  Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Manhattan Plumbing Corp., No. 08 CV 3036, 2009 WL 5821676, at *3 (E.D.N.Y. Oct. 8, 2009) (quoting Trs. of the Bldg. Servs. 32B-J, Pension, Health & Annuity Funds v. Linden Realty Assocs., No. 94 CV 1358, 1995 WL 302454, at *4 (E.D.N.Y. May, 8 1995)); LaBarbera v. Modern Cont'l Constr.

Co., No. 07 CV 2051, 2008 WL 1909216, at *3 (E.D.N.Y. Apr. 30, 2008).  Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g), authorizes the Funds to recover:

> (A) the unpaid contributions,
> (B) interest on unpaid contributions,
> (C) an amount equal to the greater of --
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan
>     in an amount not in excess of 20 percent . . . of the
>     amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by
>     the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

Section 1332(g) thus creates an automatic right to interest, liquidated damages, and attorney's fees "in any case in which a judgment in favor of the plan is awarded." Trs. of the Plumbers Local Union No. 1 Welfare Fund, 2009 WL 5821676, at *3; Cement & Concrete Workers Dist. Council Welfare Fund v. Baroco Contracting Corp., No. 08 CV 1671, 2009 WL 928331, at *3 (E.D.N.Y. Apr. 2, 2009); Trs. of the Bldg. Servs. 32B-J, Pension, Health & Annuity Funds, 1995 WL 302454, at *7 (E.D.N.Y. May 8, 1995).  See also DeVito v. Hempstead China Shop, Inc., 831 F. Supp. 1037, 1039 (E.D.N.Y. 1993).

In addition, the LMRA authorizes federal lawsuits "for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce," regardless of the amount in controversy or the citizenship of the parties.  See 29 U.S.C. § 185(a).  Failure to remit contributions is also a violation of Section 301 of the LMRA, and entitles the Joint Board to damages on behalf of all the Plans.  See Brown v. C. Volante Corp., 194 F.3d 351, 354 (2d Cir. 1999) (holding that employee benefit plans are permitted to

bring suit under Section 301 of the LMRA to collect delinquent contributions, as well as interest).

### 1. Unpaid Contributions

Plaintiff seeks to recover a total of $218,117.39 in unpaid and underpaid contributions. (See Linsey Decl. ¶¶ 56-57.) In support of this request, plaintiff has submitted invoices and payroll reports. (See Sessa Decl., Ex. N; see also Deferred Salary Plan Report Summaries, dated Aug. 9, 2011, annexed as Ex. O to the Sessa Decl.; Linsey Decl. ¶¶ 56-57.) Defendants' obligation to make these payments and the applicable rates of payment per employee per hour of work are set forth in the CBA. (See Agreement and Working Rules, dated May 10, 2007, annexed as Ex. A to the Sessa Decl., at 8-9; see also Sessa Decl., Ex. B.) The court has verified the totals for the invoices and payroll reports and finds the calculation of $218,117.39 to be mathematically accurate.[3] I therefore respectfully recommend that plaintiff be awarded $218,117.39 in unpaid contributions.

### C. Interest

As stated above, plaintiff is entitled to interest on the unpaid contributions. "[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan,

---

[3] SMC failed to submit payroll reports for the weeks ending August 31 through September 14, 2011. The Joint Board estimated the amounts due for those weeks by using the amounts in the last report submitted by SMC for the week ending August 24, 2011. (See Sessa Decl. ¶ 34, Ex. N at 28; Linsey Decl. ¶ 13.) In addition, SMC failed to submit Deferred Salary Plan Report Summaries for the weeks ending August 24 through September 14, 2011. (See Sessa Decl. ¶ 37, Ex. O.) The Joint Board therefore estimated the contributions due based on the last Summaries submitted by SMC for the week ending August 17, 2011. (Id., Ex. O at 8.) This method of estimating contributions due is reasonable. See Jacobson v. Empire Elec. Contractors, Inc., 339 F. App'x 51, 54-55 (2d Cir. 2009); Finkel v. Jones Lang LaSalle Ams., Inc., No. 08 CV 2333, 2009 WL 5172869, at *4 & n.1 (E.D.N.Y. Dec. 30, 2009).

or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g). The Joint Board has adopted the rate established by 26 U.S.C. § 6621 as the interest rate for unpaid contributions to all Plans, except the National Employees Benefit Fund, which has established a ten percent interest rate. (See Sessa Decl. ¶ 43, Ex. U.) In addition, under the terms of the Stipulation, defendants are obligated to pay interest on the Stipulation balance due, at the rate established by and prevailing under the Plans. (Id., Ex. P ¶ 4.) Plaintiff requests $40,071.93 in interest on the unpaid and late-paid contributions and on payments due under the Stipulation, plus $43.18 in per diem interest commencing September 17, 2011.[4] (See Linsey Decl. ¶¶ 17-32, Ex. E.) Pursuant to United States Department of Labor Regulations, the date of accrual for interest is the payroll week end-date; accordingly, for interest calculation purposes, under the Joint Board's policy, interest for all plans begins to accrue as of the week end-date. See Department of Labor Regulations at 29 C.F.R. § 2510.3-102(d)(3)(ii)(B); (see also Sessa Decl. ¶¶ 44-46.) Having reviewed plaintiff's calculations carefully, I respectfully recommend that this request be granted.

### D. Liquidated Damages

The Joint Board is also entitled to collect an additional sum equal to the greater of the interest due on the unpaid and late-paid ERISA plan contributions or liquidated damages in an amount provided for by the plan, not to exceed twenty percent of the delinquent contributions. See 29 U.S.C. §1132(g)(2). Plaintiff requests $247,718.86 in liquidated damages. (See Linsey

---

[4] Prior to the commencement of this action, SMC paid certain Joint Board and Deferred Savings Plan contributions late. (See Linsey Decl. ¶¶ 25-28; Sessa Decl. ¶¶ 48, 51.) However, Dr. Gerasimowicz is only liable for interest on contributions owed under the Stipulation, and on contributions due after the Stipulation was signed. (Linsey Decl. ¶ 26.) Therefore, he is liable for $35,960.65 of the total $40,071.93 in interest that is owed. (Id. ¶ 32.)

Decl. ¶¶ 33-38, Exs. A, D, E.)  The court has reviewed plaintiff's calculations and finds them to be accurate.  I therefore respectfully recommend that plaintiff be awarded a total of $247,718.86 in liquidated damages.

### E. Attorney's Fees and Costs

Finally, plaintiff is entitled to "reasonable attorney's fees and costs of the action." 29 U.S.C. § 1132(g)(2)(D).  Plaintiff seeks $3,789.50 in legal fees and $737.94 in costs.  (Linsey Decl. ¶¶ 46-48.)

In calculating a "reasonable" fee award, the court must first establish a reasonable hourly rate, which is "the rate a paying client would be willing to pay."  Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 493 F.3d 110, 112 (2d Cir. 2007).  "A district court's choice of rates is well within its discretion."  Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 206 (E.D.N.Y. 2007) (internal quotations omitted).  See also Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994); Meehan v. Gristede's Supermarkets, Inc., No. 95 CV 2104, 1997 WL 1097751, at *5 (E.D.N.Y. Sept. 25, 1997).  Reasonable hourly rates are determined by reference to fees in the community in which the action is pending and to the skill and experience of the attorneys who worked on the matter.  Luciano v. Olsten Corp., 109 F.3d 111, 115-16 (2d Cir. 1997).  The party seeking fees then bears the burden of establishing that the number of hours for which it seeks compensation is reasonable.  Cruz, 34 F.3d at 1160 (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

Here, plaintiff's counsel seeks the following hourly rates: $275 for the work of a partner with over thirty years of relevant experience; $260 for the work of a partner with over twelve years of relevant experience; and $90 for the work of paralegals.  (See Linsey Decl. ¶ 45.)

These rates are in line with those found to be reasonable for the type of work performed. See Jacobson, 553 F. Supp. 2d at 216-17. See also King v. STL Consulting, LLC., No. 05 CV 2719, 2006 WL 3335115, at *7-8 (E.D.N.Y. Oct. 3, 2006) (awarding fees in a default ERISA case at the rate of $275 per hour). Accordingly, I find that the rates charged by plaintiff's counsel comport with rates generally charged in the Eastern District for comparable work, and I recommend that the fees be awarded at the rates requested.

As for the number of hours expended, courts uphold fee requests in ERISA cases when they determine that such fees are "reasonable." See Trs. of United Teamsters Fund v. Ronnie's Truck Serv., Inc., No. 07 CV 4456, 2008 WL 2686993, at *4 (E.D.N.Y. July 8, 2009) (citing McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006)). "The number of hours spent on litigation and the staffing pattern utilized is unreasonable if it is excessive, redundant or otherwise unnecessary." Bourgal v. Atlas Transit Mix, No. 93 CV 0569, 1996 WL 75290, at *7 (citing Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 150 F.R.D. 29, 35 (E.D.N.Y. 1993)). Plaintiff has submitted contemporaneous billing records in support of its fee request. (See Linsey Decl., Ex. F.) Plaintiff's counsel expended a total of 33.9 hours on this case[5] and is seeking $3,789.50 in attorney's fees. (Id.) Having reviewed the time records, I find the number of hours expended on this action reasonable. Plaintiff's counsel's calculations and documentation were thorough, and tasks listed on the attorneys' time sheets are detailed and are not duplicative. Accordingly, I recommend a fee award of $3,789.50.

---

[5] 29.9 hours consisted of paralegal work at a rate of $90 per hour. (Linsey Decl. ¶ 46, Ex. F.)

Plaintiff also seeks costs in the amount of $737.94. (Id. ¶ 48.) A court will generally award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee paying clients." Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks and citation omitted). Here, the expenditures are for a filing fee, service fees, postage, photocopying and faxing, and I find the amounts reasonable. I therefore respectfully recommend that plaintiff be awarded $737.94 in costs.

**CONCLUSION**

For the foregoing reasons, I respectfully recommend that plaintiff be awarded a total of $671,871.11 in damages from defendant Gerasimowicz, plus per diem interest of $43.18 from September 17, 2011 through the date of entry of judgment. This figure encompasses the amount due pursuant to the Stipulation, unpaid and underpaid contributions, interest, liquidated damages, and attorney's fees and costs. Plaintiff's counsel is directed to serve a copy of this Report and Recommendation on defendants. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Garaufis and my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), (e).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       July 19, 2013